## Orsatti, Inc. Liquor License Case.

502

Argued June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*A. A. Guarino,* for appellant.

*Thomas J. Shannon,* Assistant Attorney General, with him *James J. Phelan, Jr.,* Special Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WATKINS, J., December 12, 1968:

This is an appeal by Orsatti, Inc., the licensee-appellant, from the decision of the Court of Quarter Sessions of Philadelphia County that affirmed the order of the Pennsylvania Liquor Control Board revoking the appellant's liquor license. The Liquor Control Board filed its order of revocation after hearing the testimony of its investigating officers and without any testimony on behalf of the licensee-appellant and found that "The licensee, by its servants, agents or employees interfered with Board Officers in the performance of their duties, on March 23, 1965." An order of revocation followed. The licensee appealed.

At the hearing de novo before the Court of Quarter Sessions the licensee complained that at the time of the complaint by the investigating officers concerning

interference with their inspection, the licensed premises were not open for business and no patrons were on the premises. Section 209 of the Act of April 12, 1951, P. L. 90, 47 PS §2-209, provides: "Such employes of the board as are designated 'enforcement officers' or 'investigators' are hereby declared to be peace officers and are hereby given police power and authority throughout the Commonwealth to arrest on view, except in private homes, without warrant, any person actually engaged in the unlawful sale, importation, manufacture or transportation, or having unlawful possession of liquor, alcohol . . . contrary to the provisions of this act or any other law of this Commonwealth. Such officers and investigators shall have power and authority, upon reasonable and probable cause, to search for and to seize without warrant or process, except in private homes, any liquor, unlawfully possessed, manufactured, . . .".

Like any peace officer, the agents of the Board may, "upon reasonable and probable cause" search and seize that which is "unlawfully possessed". As contended for by the licensee the section, of course, must be read so that it is consistent with constitutional requirements.

Section 493 of the Liquor Code, 47 PS §4-493 (21), provides: ". . . It shall be unlawful . . . . (21) For any licensee, or his servants, agents or employes, to refuse the board or any of its authorized employes the right to inspect completely the entire licensed premises at any time during which the premises are open for the transaction of business, or when patrons, guests or members are in that portion of the licensed premises wherein either liquor or malt or brewed beverages are sold."

The record discloses that the agents on March 23, 1965 arrived at the licensed premises at or about 3:00

o'clock p.m. They found the licensed premises closed until entered by the son of Arnold Orsatti. They then followed him into part of the licensed premises and forced their way into other parts. When next seen by the officers young Orsatti was in a small storage closet putting liquor bottles away from the front of a safe. Young Orsatti testified that the shelves in the closet were filled so that the bottles had been placed on the floor of the closet at the close of business the night before. He was moving them so as to open the safe and obtain his needs to open the licensed premises for business. He had to move them to open the safe and the liquor had not yet been placed behind the bar for business. Mrs. Orsatti then arrived and asked them to await the arrival of her husband. It was after he arrived that the interference complained of took place.

The Board made no findings of fact as to whether the licensed premises were open for business or whether patrons were on the licensed premises at the time of the alleged interference with the seizure. The court below made no findings of fact and did not give this Court the benefit of an opinion.

The record is remanded to the court below for further proceedings in accordance with this opinion.